

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| BONNETT DELORES HASKELL,  §  <br>　　　　Plaintiff,　　　　　　　§ <br> 　　　　　　　　　　　　　　　§ <br> vs.　　　　　　　　　　　　　§ 　CIVIL ACTION NO. 0:09-3258-HFF-PJG <br> 　　　　　　　　　　　　　　　§ <br> MICHAEL J. ASTRUE,　　　　　§ <br> Commissioner of Social Security, §<br>　　　　Defendant.　　　　　　§ | |

ORDER

This Social Security action was filed to obtain judicial review of a final decision of Defendant, denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff is represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 27, 2011, Plaintiff filed her objections to the Report on February 25, 2011, and Defendant filed his reply to the objections on March 7, 2011. Hence, the matter is ripe for review.

Plaintiff marshals three primary arguments. The Court will consider each in turn.

First, Plaintiff complains that the Magistrate Judge erred in not suggesting to this Court that "a finding that [Plaintiff] could not perform unskilled sedentary work due to the preclusion o[f] any repetitive upper extremity actions is directed by SSR 96-9p." Pl.'s Objs. 2, ECF 23. The Court is unpersuaded.

Social Security Ruling 96-9p (1996) provides, in relevant part, the following:

> Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.
>
> Any *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base. For example, example 1 in section 201.00(h) of appendix 2, describes an individual who has an impairment that prevents the performance of any sedentary occupations that require bilateral manual dexterity (i.e., "limits the individual to sedentary jobs which do not require bilateral manual dexterity"). When the limitation is less significant, especially if the limitation is in the non-dominant hand, it may be useful to consult a vocational resource.

*Id.*

As noted, this rule cites to 20 C.F.R. pt. 404, subpt. P, app.2 § 201.00(h), which stated at the time that Social Security Ruling 96-9p was written, in relevant part, the following: "Since the inability to perform jobs requiring bilateral manual dexterity significantly compromises the only

range of work for which the individual is otherwise qualified (i.e., sedentary), a finding of disabled would be appropriate." *Id.* Section 201.00(h) now provides, however, in relevant part, that

> the inability to perform a full range of sedentary work does not necessarily equate with a finding of "disabled." Whether an individual will be able to make an adjustment to other work requires an adjudicative assessment of factors such as the type and extent of the individual's limitations or restrictions and the extent of the erosion of the occupational base. It requires an individualized determination that considers the impact of the limitations or restrictions on the number of sedentary, unskilled occupations or the total number of jobs to which the individual may be able to adjust, considering his or her age, education and work experience, including any transferable skills or education providing for direct entry into skilled work.

20 C.F.R. pt. 404, subpt. P, app.2 § 201.00(h) (2010). Thus, in that the Administrative Law Judge (ALJ) satisfied the requirements of Section 201.00(h) as it is currently written by making the required individualized determination, the Court is unable to say that his decision should be disturbed as to this issue. As such, the Court will overrule this objection.

Second, Plaintiff argues that, "because all of the jobs cited by the vocational expert require frequent gross dexterity, the vocational expert was in error in citing the occupations provided as example[s] of the work that [Plaintiff] could perform." Pl.'s Objs. 4 (citation omitted). "[Plaintiff] asserts that is difficult to conceive how a job requiring frequent gross dexterity would not require someone to be performing repetitive gross dexterity actions." *Id.* The Court is unable to agree.

In the context of actions such as this, the Social Security Administration has defined "frequent" as something occurring from one-third to two-thirds of the work day. It has not, however, provided a definition for "repetitive" or "repetition."

3

*The Oxford Dictionary Online* defines "repetition" as "[t]he action or fact of doing something again; renewal or recurrence of an action or event; repeated use, application, or appearance." *Oxford English Dictionary Online*, www. oed. com (last visited March 29, 2011) (defining "repetition"). Similarly, *Merriam-Webster* defines "repetition" as "the act or an instance of repeating or being repeated." www. merriam-webster. com (last visited March 29, 2011) (defining "repetition").

From these definitions, it becomes evident that one can do something repetitively without doing it frequently, or for a set amount of time. The reverse is also true. One can do something frequently, or for a set amount of time, without doing it repetitively. As such, the terms "repetitive" and "frequent" are not synonymous. Accordingly, this objection with be overruled.

Third, Plaintiff maintains that "the medical evidence well supported Dr. Shissias' specific restrictions as indicated in his assessment." Pl.'s Objs. 5. The Court is unpersuaded.

Simply stated, and as observed by the Magistrate Judge, Plaintiff's "arguments are insufficient to show that the ALJ's decision not to give Dr. Shissias's opinion controlling weight is not supported by substantial evidence or is controlled by an error of law." Report 9, ECF No. 16. Thus, the Court will overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 30th day of March, 2011, in Spartanburg, South Carolina.

                                          s/ Henry F. Floyd
                                          HENRY F. FLOYD
                                          UNITED STATES DISTRICT JUDGE